UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA VILLARROEL,<br><br>    Plaintiff,<br><br>v.<br><br>STAPLES, INC., et al.,<br><br>    Defendants. | Case No. 23-cv-03717-PCP<br><br>**ORDER DENYING MOTIONS FOR LEAVE TO AMEND AND TO REMAND**<br><br>Re: Dkt. Nos. 12, 13 |

In this employment lawsuit, Plaintiff Pamela Villarroel brings claims including harassment, discrimination, retaliation, and intentional infliction of emotional distress against Defendant Staples, Inc. and two other Staples-associated entities.[1] These claims all arise from Ms. Villarroel's work at Staples from 2018 to 2021. Although Ms. Villarroel filed suit in California state court, Staples removed her lawsuit to federal court. Staples contends that removal is proper because Ms. Villarroel is a California citizen and Staples is a Delaware corporation principally operating out of Massachusetts, such that this case falls within the Court's diversity jurisdiction.

Ms. Villarroel now moves both to remand her lawsuit to California state court and to file an amended complaint adding Roland Flores, her former supervisor and a California citizen, as a defendant. Staples opposes both motions and also seeks Rule 11 sanctions. For the reasons set forth herein, all of the parties' motions and requests are denied.

**I.    Leave to Amend, Which Would Eliminate Complete Diversity, Is Denied.**

Ms. Villarroel seeks to amend her complaint to add Mr. Flores as a defendant. Mr. Flores is a California citizen like Ms. Villarroel, so his joinder would eliminate complete diversity,

---

[1] Staples, Inc. argues that the two other entities are misidentified in the complaint. The parties are directed to meet and confer to consider whether they can stipulate to an amendment to correct this.

extinguish this Court's diversity jurisdiction over this case, and require remand. Because granting Ms. Villarroel's motion to amend would render her earlier motion to remand moot, the Court will address the motion to amend first.

In support of her motion to amend, Ms. Villarroel invokes Federal Rule of Procedure 15, which provides that amendment should be "freely" allowed "when justice so requires." But 28 U.S.C. § 1447(e) sets a different standard for cases removed to federal court, providing: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action." In such cases, "the decision regarding joinder of a diversity-destroying defendant is left to the discretion of the district court." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

District courts in the Ninth Circuit generally weigh several factors in deciding whether to allow the joinder of a diversity-destroying defendant, including:

- "whether the proposed defendant is a necessary party";
- "whether any statute of limitations would preclude an original action against the proposed defendant in state court";
- "whether the plaintiff has unjustifiably delayed in seeking joinder";
- "whether joinder is intended solely to defeat federal jurisdiction";
- "whether the claims against the proposed defendant appear valid"; and
- "whether denying joinder would prejudice the plaintiff."

*Santa Clara Valley Water Dist. v. CH2M Hill, Inc.*, No. 19-cv-08295-LHK, 2020 WL 4252677, at *3 (N.D. Cal. July 24, 2020); *see also, e.g.*, *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000). "Any of the factors might prove decisive, and none is … absolutely necessary." *Yang v. Swissport USA, Inc.*, No. 09-cv-03823-SI, 2010 WL 2680800, at *3 (N.D. Cal. July 6, 2010).

Here, Ms. Villarroel proposes to pursue state law claims for religious harassment and intentional infliction of emotional distress against Mr. Flores. As proposed, these claims do not appear valid. The remaining factors also do not favor remand. Accordingly, the Court denies joinder of Mr. Flores under section 1447(e).

**A.     The Proposed Claims Against Mr. Flores Do Not Appear Valid.**

The same alleged conduct underlies both of Ms. Villarroel's proposed claims: According to the proposed amended complaint, Ms. Villarroel was slated to be promoted and met with Mr. Flores, a Staples supervisor, to discuss the new position, training, and expectations. She told Mr. Flores she could not work on Sundays for religious reasons. In response, Mr. Flores told her, "I'm also a church goer but also I still make time to come in and work because it is my job," and "I will be on vacation and will require you to come in on Sundays as this has been in my plans for weeks." The next afternoon, Mr. Flores asked Ms. Villarroel to call him, and he then told her she was not a good fit for the position because she could not work on Sundays and would therefore be "unreliable." After these interactions, Ms. Villarroel did not receive her expected promotion.

**1.     The Proposed Harassment Claim Against Mr. Flores Is Not Viable.**

Based on this conduct, Ms. Villarroel seeks to add Mr. Flores as a defendant to her claim of religious harassment under California's Fair Employment and Housing Act (FEHA). This statute makes it illegal for "any … person" to "harass an employee … because of … religious creed." Cal. Gov. Code § 12940(j)(1). Under FEHA, "harassment focuses on situations in which the social environment of the workplace becomes intolerable." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 707 (Cal. 2009). Harassment "cannot be occasional, isolated, sporadic, or trivial; rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature." *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121, 130–31 (Cal. 1999) (cleaned up).

Ms. Villarroel's proposed claim against Mr. Flores involves a single personnel decision—the choice not to promote her because her religious views precluded work on Sundays—accompanied by one set of statements. While personnel actions may serve as the basis for a harassment claim, *see Roby*, 47 Cal. 4th at 709, Mr. Flores' alleged conduct does not rise to the level of "generalized" harassment that would have made the social environment of her workplace intolerable. Accordingly, the proposed harassment claim against Mr. Flores does not appear valid.

3

### 2. The Proposed Intentional Infliction of Emotional Distress Claim Against Mr. Flores Is Not Viable.

Based on the same conduct, Ms. Villarroel also seeks to add Mr. Flores as a defendant to her claim of intentional infliction of emotional distress. Under California law, the first element of such a claim is "outrageous conduct by the defendant." *Huntingdon Life Scis., Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*, 129 Cal. App. 4th 1228, 1259 (Cal. Ct. App. 2005). As alleged, neither the decision not to promote Ms. Villarroel nor Mr. Flores' statements accompanying that decision appear to satisfy the "outrageous conduct" standard. "Managing personnel is not outrageous conduct.… A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 80 (Cal. Ct. App. 1996). Accordingly, as proposed, Ms. Villarroel's intentional infliction of emotional distress claim against Mr. Flores also does not appear valid.

### B. The Remaining Factors Do Not Support Allowing Amendment.

None of the other factors courts consider in deciding whether to allow diversity-destroying joinder weighs in Ms. Villarroel's favor, nor has she shown any other strong reason to remand.

Ms. Villarroel has not identified any relief she can only obtain if Mr. Flores is a defendant, nor has she suggested that she cannot obtain full relief from Staples. Mr. Flores is related to Ms. Villarroel's case only tangentially and Staples is liable for any actions taken within the scope of his employment, so his absence as a defendant will not preclude full recovery. Ms. Villarroel contends that Mr. Flores must be joined because his conduct is relevant to her claim for punitive damages, but there is no reason she cannot compel his testimony as a third-party witness.

Ms. Villarroel has also failed to justify her delay in adding Mr. Flores as a defendant. The original complaint identified him (by first name) and alleged the same conduct that now forms the basis for the proposed claims against him. Yet Ms. Villarroel waited until the case was removed to seek to name him as a defendant, and her motion to remand mentions his joinder as one of two alternative grounds for remand. Absent other justification, this suggests that her purpose in now adding Mr. Flores is at least in part to defeat federal jurisdiction.

4

1    Ms. Villarroel recognizes that her claims against Mr. Flores are now time barred. Even if

2    she adds them to this action, though, they might not relate back under California law. *See Woo v.*

3    *Super. Ct.*, 75 Cal. App. 4th 169, 176 (Cal. Ct. App. 1999). Accordingly, Ms. Villarroel has not

4    shown that the statute of limitations on her proposed claims weighs in favor of joining Mr. Flores.

5    Finally, denying joinder will not prejudice Ms. Villarroel. Ms. Villarroel has not

6    established that she has any potentially valid claims against Mr. Flores, and she has not shown that

7    there is any relief she could obtain from Mr. Flores that she could not already obtain from Staples.

8    Even if he is not a defendant, Ms. Villarroel can compel Mr. Flores' testimony if needed. There is

9    therefore no basis to conclude that Ms. Villarroel would be prejudiced by being required to pursue

10   her claims against Mr. Flores separately in state court instead of joining him in this action.

## II. Remand Is Denied Because Staples Has Established Complete Diversity.

Ms. Villarroel separately argues that this case should be remanded because defendants have "failed to produce any competent evidence of diversity of citizenship." Such evidence is generally not required: A notice of removal needs only "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446. This requirement "tracks the general pleading requirement stated in Rule 8(a)," meaning a "defendant's notice of removal need include only a plausible allegation" that the jurisdictional requirements are met. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87–89 (2014). Ms. Villarroel alleges (without support) that one of the Staples entities not currently named in the complaint is a California entity. But in response, Staples has now provided additional evidence, including a declaration from its in-house counsel and copies of its California Statements of Information, showing that none of the named or unnamed Staples entities are California citizens. Because Mr. Flores will not be added as a defendant and because Staples has adequately established diversity jurisdiction, Ms. Villarroel's motion to remand is denied.

## III. Sanctions, Which Staples Has Not Properly Requested, Are Denied.

In its consolidated opposition to Ms. Villarroel's motions, Staples requests that the Court sanction Ms. Villarroel and her counsel for violating Rule 11 by awarding Staples the attorney fees incurred in opposing her motions. Staples alleges that Ms. Villarroel's counsel has made legally frivolous allegations and has included references to unrelated third parties which suggest

that the pleadings have been "copied and pasted." Serious as these allegations may be, Staples failed to comply with Rule 11, which requires that a challenged party be given 21 days to address an alleged violation before any motion for sanctions (which must be made separately) is filed with the Court. Because Staples' request for sanctions does not comply with Rule 11, it is denied.

## IV.  Case Management

Pursuant to the parties' September 21, 2023 Joint Case Management Statement, the Court adopts the following schedule for this case:

- Non-expert discovery cutoff          October 21, 2024
- Initial expert disclosure            November 18, 2024
- Rebuttal expert disclosure           December 18, 2024
- Expert discovery cutoff              January 6, 2025
- ADR deadline                         January 6, 2025
- Last dispositive motion hearing      January 30, 2025
- Pretrial conference                  March 18, 2025
- Jury trial begins                    March 31, 2025

**IT IS SO ORDERED.**

Dated: October 3, 2023

P. CASEY PITTS
United States District Judge