UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

PAMELA VILLARROEL,

　　　　　　Plaintiff,

　　v.

STAPLES, INC., et al.,

　　　　　　Defendants.

Case No. 23-cv-03717-PCP (VKD)

**ORDER RE AUGUST 30, 2024 DISCOVERY DISPUTE**

Re: Dkt. No. 40

　　　　Plaintiff Pamela Villarroel and defendant Staples the Office Superstore, LLC ("Staples") ask the Court to resolve a dispute regarding Staples' Requests for Production of Documents ("RFPs") Nos. 16, 17, and 39. Dkt. No. 40. The Court finds this matter suitable for decision without oral argument. *See* Civil L.R. 7-1(b).

　　　　For the reasons explained below, the Court orders Ms. Villarroel to produce documents responsive to RFP Nos. 16 and 17, as limited by this order. However, Staples has not shown that Ms. Villarroel should be required to produce documents responsive to RFP No. 39.

## I.　　BACKGROUND

　　　　In this action, Ms. Villarroel asserts state law claims for harassment, discrimination, retaliation, and wrongful constructive discharge arising from her employment at Staples. *See* Dkt. No. 35. In support of her wrongful constructive discharge claim, Ms. Villarroel alleges that she suffered continuous harassment and discrimination, and was retaliated against for complaints made to her employer, such that she was "constructively discharged and forced to quit on December 5, 2021." *Id.* ¶¶ 77, 187, 192. She seeks compensatory damages, including lost wages, as well as general damages, punitive damages, and other relief. *Id.* ¶¶ 192, 195 & pp. 30-31

(prayer for relief).

In aid of its defenses to Ms. Villarroel's constructive discharge claim and her damages claims generally, Staples served several document requests, including RFPs Nos. 16, 17, and 39. Dkt. No. 40, Ex. A.  Ms. Villarroel has produced some documents that she says are responsive to RFP No. 16, but she objects to producing documents responsive to RFPs Nos. 17 and 39.  *See id.*, Exs. C, D.

## II.    LEGAL STANDARD

A party may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

## III.    DISCUSSION

### A.    RFPs Nos. 16 and 17:  Ms. Villarroel's Travel

In RFPs Nos. 16 and 17, Staples asks Ms. Villarroel to produce "[a]ny and all Documents that memorialize, evidence, reference, or relate to [her] travel to or from Bolivia" and "[a] copy of [her] passport reflecting any travel from the United States to any other country" for the period November 1, 2021 to February 28, 2022.  Dkt. No. 40, Ex. A (RFPs Nos. 16, 17).  Citing evidence that Ms. Villarroel planned to travel outside the United States to collect an inheritance or for other personal reasons, Staples argues that documents reflecting her international travel and its duration are relevant to Ms. Villarroel's constructive discharge claim, as such documents may show that her resignation from Staples was motivated by reasons other those alleged in the complaint, and that these documents are also relevant to Ms. Villarroel's damages claims, as they may show a failure to mitigate damages during the period of travel.  *Id.* at 2, 4-6.

According to Staples, Ms. Villarroel has produced only two screenshots in response to RFPs Nos. 16 and 17.  One shows airline booking information for travel between Bogota, Colombia and La Paz, Bolivia for an unidentified traveler on an unspecified date.  *Id.*, Ex. E

United States District Court
Northern District of California

2

(VILLARROEL000044). The other shows an itinerary for airline travel by Ms. Villarroel from New York to Bogota, Colombia, Lima, Peru, and La Paz, Bolivia on February 27 and 28, 2022. *Id.*, Ex. E (VILLARROEL000045). Ms. Villarroel says she produced her "flight reservations" to Staples, but she identifies no records other than the two screenshots attached as Exhibit E to the parties' joint letter. *Id.* at 8. Ms. Villarroel contends that the documents Staples seeks are not relevant. She denies that she received a "monetary inheritance" and argues that her travel, which occurred months after her resignation, has no bearing on her constructive discharge claim. *Id.* She does not contend that the discovery Staples seeks is unduly burdensome.[1] She does not address Staples' argument that her post-resignation travel is relevant to mitigation of damages.

A constructive discharge occurs when an employer's conduct effectively forces an employee to resign. *Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1244 (1994). Such a resignation is legally regarded as a firing rather than a voluntary resignation. *Id.* at 1245. "In order to establish a constructive discharge, an employee must plead and prove, by the usual preponderance of the evidence standard, that the employer either intentionally created or knowingly permitted working conditions that were so intolerable or aggravated at the time of the employee's resignation that a reasonable employer would realize that a reasonable person in the employee's position would be compelled to resign." *Id.* at 1251. Although the standard for assessing whether Ms. Villarroel's working conditions were intolerable is an objective one (i.e. "reasonable employee"), the Court agrees with Staples that Ms. Villarroel's own conduct and statements may inform whether the objective standard is met. *See, e.g., id.* at 1254 ("The length of time the plaintiff remained on the job may be *one* relevant factor in determining the intolerability of employment conditions from the standpoint of a reasonable person.") (emphasis in original); *St. Myers v. Dignity Health*, 44 Cal. App. 5th 301, 316 (2019) (working conditions not intolerable where, *inter alia*, employee "quit only after she had a better job offer"). Staples also argues that

---

[1] Ms. Villarroel includes an oblique reference to the possibility that she may not have "credit card statements concerning [her] travel" because the travel "may be[sic] have been purchased by another party." Dkt. No. 40 at 9-10. However, she does *not* assert that she does not have *any* records sufficient to show her international travel during the period in question.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    the documents it seeks are relevant to the credibility of Ms. Villarroel's statements regarding the

2    reasons she left her employment, suggesting that the "actual" reasons for Ms. Villarroel's

3    resignation, as conveyed to her former General Manager and others, differ from the reasons

4    alleged in her complaint. *See* Dkt. No. 40 at 4.

5         The Court agrees with Staples that evidence tending to show Ms. Villarroel resigned from

6    her employment because her work schedule interfered with her personal plans for international

7    travel may be somewhat relevant to the question of whether her conditions of employment were

8    objectively intolerable.  The Court also agrees that evidence tending to show that Ms. Villarroel

9    resigned so that she could travel is relevant to her assertions regarding the reasons she resigned

10   from Staples.

11        With respect to damages, Ms. Villarroel does not disagree that she may not recover

12   damages from Staples that she could have avoided.  For example, Staples suggests that Ms.

13   Villarroel could have obtained new employment in December 2021, the same month she resigned,

14   but declined at least two offers of employment at that time.  Evidence that Ms. Villarroel did not

15   seek or accept employment between her resignation on December 5, 2021 and her subsequent

16   employment in May 2022 because she was travelling instead is relevant to her compensatory

17   damages claim and Staples' defense to that claim.

18        For these reasons, the Court concludes that the discovery Staples seeks in RFPs Nos. 16

19   and 17 is relevant and, with one exception, proportional to the needs of the case.  Accordingly, the

20   Court orders Ms. Villarroel to produce documents responsive to these requests as follows:

21        RFP No. 16:  This document request seeks "any and all" documents that "relate to" Ms.

22   Villarroel's travel to and from Bolivia.  Such a request is unnecessarily broad.  Instead, Ms.

23   Villarroel must produce documents *sufficient to show* the dates and locations of her travel to or

24   from Bolivia during the period November 1, 2021 to February 28, 2022.  The documents must

25   show the identity of the traveler.  The screenshots Ms. Villarroel has already produced (Dkt. No.

26   40, Ex. E) are not sufficient.

27        RFP No. 17:  This document request seeks a copy of Ms. Villarroel's passport reflecting

28   her international travel during the period November 1, 2021 to February 28, 2022.  Because Ms.

Villarroel has not produced complete or comprehensible records of her travel reservations or her actual travel, and because she suggests that she may not be in possession of credit card statements or other information reflecting such travel (*see* Dkt. No. 40 at 9-10), she must produce a copy of her passport that is responsive to this document request.

### B.    RFP No. 39:  Ms. Villarroel's Phone Records

In RFP No. 39, Staples asks Ms. Villarroel to produce her "cellular phone bills and/or invoices between January 1, 2021, and the present, including any and all details available which reflect incoming and outgoing texts and/or calls [she] received from and/or made to any employee of [Staples]."  Dkt. No. 40, Ex. A (RFP No. 39).  The document request specifies that Ms. Villarroel may redact from her production "all phone numbers and information of calls and/or texts that do not relate to [her] employment with [Staples] and/or the cessation thereof, or the allegations in the Complaint."  *Id.*  Staples argues that it requires this information because Ms. Villarroel has selectively produced phone/text records reflecting her communications *to* Staples' human resources personnel (which she relies on to support her claims), while refusing to produce other records, including those reflecting communications *from* Staples' personnel.  Dkt. No. 40 at 6-7.  Moreover, Staples contends that Ms. Villarroel has admitted she deliberately deleted some relevant text messages following her resignation from Staples while anticipating litigation against the company.  *Id.* at 7.  Ms. Villarroel asserts that she has "produced communications," including documentation of relevant calls to Staples' human resources personnel.  *Id.* at 8.  However, she does not argue that she has produced *all responsive* communications, nor does she address Staples' argument that she has "cherry-picked" for production those communications that favor her interests.  Instead, Ms. Villarroel's principal argument is that she has a constitutional privacy interest in her cell phone records, especially the contents of her text messages.  *Id.* (citing *Saunders v. Superior Court*, 12 Cal. App. 5th Supp. 1, 22 (Cal. App. Dep't Super. Ct. 2017)).  She also argues that the request is overbroad and that Staples should be required to obtain these records through "less intrusive means," such as requesting the communications from its own employees. *Id.* at 9.

Staples does not explain why records of Ms. Villarroel's cell phone communications to or

from Staples' personnel for nearly a year preceding her resignation are relevant to a claim or defense in this action.[2]  It asserts that these records "[r]elate to [m]ultiple [f]acets of [p]laintiff's [c]laims and Staples' [d]efenses," but does not explain why this is the case.  *Id.* at 6.  While the Court is concerned that Ms. Villarroel appears to have selectively produced certain phone records and text messages favorable to her claims while withholding others, Staples has not shown why it requires the full scope of the documents it seeks in RFP No. 39 in the first instance.

Staples also does not address the privacy and overbreadth concerns Ms. Villarroel raises in her objections.  While the authority on which Ms. Villarroel relies is not particularly helpful,[3] the California constitution does recognize a right of privacy that is broad enough to encompass the cell phone records described in RFP No. 39.  *See, e.g., Williams v. Superior Ct.*, 3 Cal. 5th 531, 552 (2017); *but see Quintana v. Claire's Boutiques, Inc.*, No. 5:13-cv-00368-PSG, 2014 WL 3371847, at *3 (N.D. Cal. July 9, 2014) (rejecting plaintiff's privacy objections to the production of cell phone records because she had put them at issue, and because a protective order adequately protected plaintiff's privacy interests); *Uschold v. Carriage Servs., Inc.,* No. 17-cv-04424-JSW (EDL), 2019 WL 3282961, at *4 (N.D. Cal. Jan. 17, 2019) (requiring plaintiffs to obtain cell phone records from their service providers).  Staples does not address whether, in view of Ms. Villarroel's privacy interests, the discovery it seeks is nevertheless justified.

For these reasons, the Court concludes that Staples has not shown it is entitled to the production of documents responsive to RFP No. 39.

## IV.    CONCLUSION

Ms. Villarroel shall produce the documents responsive to RFP Nos. 16 and 17, as ordered above, by **October 4, 2024.**

//

---

[2] It is unclear whether Staples seeks records showing not only the information reflected in Exhibit F (i.e., date, time, number dialed/calling, type of call, duration, and outgoing/incoming), but also the *contents* of communications, such as the text messages in Exhibit B.

[3] *Saunders* concerns text messages obtained from a third-party service provider pursuant to a search warrant and whether those messages should be released to a newspaper under the Public Records Act.  *See* 12 Cal. App. 5th at 22.  *Saunders* does not address discovery of text messages from a *party* pursuant to Rule 34(a) of the Federal Rules of Civil Procedure.

United States District Court
Northern District of California

**IT IS SO ORDERED.**

Dated: September 20, 2024

Virginia K. DeMarchi
United States Magistrate Judge